Kerry Tremayne MURRAY, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S05–0102–CR–138.

Supreme Court of Indiana.

Feb. 27, 2001.

Jeff Schlesinger, Crown Point, IN, Attorney for Appellant.

Karen Wilson–Freeman, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER

PER CURIAM.

The appellant, Kerry Tremayne Murray, pulled a handgun from the waistband of his pants and shot a seventeen year-old female acquaintance in the head. The shooting followed appellant's threat that he could "do her right now."

A jury found appellant guilty of Attempted Murder. He was sentenced to 38 years imprisonment for the crime. The Court of Appeals affirmed the conviction in an unpublished memorandum decision. *Murray v. State*, 737 N.E.2d 1238 (Ind.Ct.

App.2000) (Table). Appellant petitioned this Court to transfer jurisdiction pursuant to Former Appellate Rule 11(B),[1] a petition we now grant.

A convicted felon cannot obtain a license to carry a handgun. Ind.Code § 35–47–2–3(f)(1) (1998). To carry a gun without a license is a crime. Ind.Code § 35–47–2–23 (1998). Appellant was a convicted felon and was carrying a handgun without a license when he shot the victim. He asserts the trial court erred in permitting the State to cross-examine him about the fact that he was carrying a handgun unlawfully. The Court of Appeals did not address this issue, finding that any claim of error was waived because it was not preserved at trial. *Memo. Dec.* at 2 (*citing* Ind. Evidence Rule 103). On transfer, appellant asserts that the claimed error was preserved, and that he is therefore entitled to appellate review on this issue.

Appellant's trial counsel had, in fact, objected to the cross-examination by the State concerning his unlawful possession of a handgun during a colloquy between counsel and the court that concluded with the trial judge advising counsel and the court reporter to "note the objection." R., pp. 402–411. Thus, we find that the alleged error was preserved at trial and now address its merits.

Appellant had admitted carrying a handgun and shooting the victim. His defense was that the shooting was accidental. Appellant asserts that evidence of the fact he was carrying the handgun unlawfully was inadmissible because: (1) it was irrelevant under Evidence Rule 401 and; (2) it constituted improper impeachment under Evidence Rule 404(b).

Evidence is relevant that tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. Rule 401. As noted, appellant's defense was that the shooting was accidental. The fact that he was openly displaying a handgun knowing that there were penal consequences to being caught by the police with the gun tends show that appellant had a serious, affirmative purpose in taking the handgun from the waistband of his pants.

In other words, a person who is unlawfully in possession of a firearm would be expected to keep that fact concealed. Therefore, when such a person openly brandishes a handgun, a fact-finder could conclude that the person was highly motivated by a specific intent for doing so. Thus, the fact that appellant's possession of the handgun was unlawful was relevant to his intent, and tended to negate his defense that the shooting was accidental.

Evidence that is nevertheless relevant may by excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Evid. Rule 403. The decision whether to exclude otherwise relevant evidence because of the danger of unfair prejudice or confusion is committed to the discretion the trial court. *Marcum v. State*, 725 N.E.2d 852, 862 (Ind.2000). Again, as noted, appellant admitted he was carrying a handgun. The fact that he was not properly licensed to do so does not create an undue suggestion of a propensity for violence. Moreover, as we have noted, the evidence of unlawful possession was relevant to a key issue at trial—appellant's intent. Any purported prejudice associated with this evidence does not substantially outweigh its probative value and we find no abuse of discretion in its admission.

Appellant also claims the evidence of his carrying a handgun unlawfully violated Evidence Rule 404(b), which provides, in part:

before that date and is governed by the former rule.

---

1. For petitions filed after January 1, 2001, the applicable rule would be Ind. Appellate Rule 57. However, the pending petition was filed

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Evidence Rule 404(b) is designed to prevent the jury from making the forbidden inference that other wrongful conduct suggests present guilt. *Barker v. State*, 695 N.E.2d 925, 930 (Ind.1998). In order for evidence of other crimes, wrongs, or acts to be admissible, the trial court must determine whether the evidence is relevant "for other purposes" than the defendant's propensity to commit the charged act and must balance the probative value of the evidence against its potential prejudicial effect pursuant to Evidence Rule 403. Evid. Rule 404(b); *Barker*, 695 N.E.2d at 930. We review the trial court's decision to admit or refuse such evidence for an abuse of discretion. *Byers v. State*, 709 N.E.2d 1024, 1027 (Ind.1999).

One of the "other purposes" for which evidence of other crimes may be admissible is to show intent. Evid.Rule 404(b). We have already stated that appellant's carrying and openly brandishing the handgun illegally is relevant to his intent and that the probative value of this evidence is not substantially outweighed by any potential prejudice. The trial court committed no error in the admission of this evidence.

Having now provided appellate review of the substantive issue raised by appellant but not addressed by the Court of Appeals, we summarily affirm the remainder of the Court of Appeals' memorandum decision. *See* Former Appellate Rule 11(B)(3).[2]

All Justices concur except BOEHM, J., who concurs in the result.

---

2. If the petition to transfer in this cause had been filed after January 1, 2001, the applica-

ble rule would have been Ind. Appellate Rule 58(A)(2).